UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TREMEISE JACKSON, ET AL | CIVIL ACTION |
| VERSUS | NO. 06-10938 |
| CONTINENTAL CASUALTY COMPANY, ET AL | SECTION "C" (1) |

ORDER AND REASONS

The Court previously ordered briefing on whether the jurisdictional amount existed at the time of removal.  Having determined that the defendant has not shown that subject matter jurisdiction exists, this matter is hereby REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction.  Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685

(1994).

Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id. This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. Id. It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

In this matter, the plaintiffs sue for injuries allegedly sustained in an automobile accident. The defendants do not argue, and the Court does not find, that the jurisdictional minimum is facially apparent from the petition in this matter. The defendant argues instead that the jurisdictional minimum exists based apparently on the injuries allegedly sustained by Tremeise Jackson, "desecration of disc material with

annular bulging resulting in slight effacement of the anterior sac margins coupled with disc bulging at C6-C7" and "herniated disc cervical spine." The defendants also argue the unwillingness of the plaintiffs to submit a binding stipulation.

The plaintiffs argue that the jurisdictional minimum is lacking because Tremeise Jackson "essentially recovered" from her injuries, no surgery was recommended and she was treated in ten months with medical expenses of approximately $4,4000.00 and Leola Florence was diagnosed with lumbar strain and contusion of the hip and her symptoms resolved with conservative care with medical expenses of approximately $5,000.00.

The Court finds that the defendant has not met its burden under these circumstances. The record contains no recommendation for surgery and no finding of disability. Instead of recognizing two of the cases upon which the defendants rely as standing for the more general proposition that a claim for an unoperated cervical herniated disc may exceed the jurisdictional minimum, this Court has previously limited application. It found Hoyt v. Gray Insurance Co., 809 So.2d 1076 (La. App. 4th Cir. 2002), as applying to plaintiffs with "disabling injuries" with "long-range implications." in Kern v. State Farm Mutual Insurance Co., 2006 WL 146199 (E.D.La.). Similarly, it found that Collins v. Shelter Insurance Co., 833 So.2d 1166 (La. App. 2d Cir

2002) involved a plaintiff who suffered ten years of pain, medical treatment and psychiatric problems in Whitfield v. State Farm Mutual Automobile Insurance Co., 2006 WL 1235921 (E.D.La.). Unlike the presented circumstances, the plaintiff in Perez v. Louisiana, 753 So.2d 913, 915 (La. App. 4th Cir. 2000), suffered "constant pain and was unable to work as a result of the injuries. Those facts are not alleged in this matter.

In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly, IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 12th day of March, 2007.

               HELEN G. BERRIGAN
               UNITED STATES DISTRICT JUDGE